# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KYLE MILOWSKI,
          Appellant,

      v.

DEPARTMENT OF HOMELAND
    SECURITY,
          Agency.

DOCKET NUMBER
AT-0752-19-0238-I-1

DATE: June 11, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence Berger</u>, Esquire, Glen Cove, New York, for the appellant.

<u>Katie Chillemi</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The agency has filed a petition for review of the initial decision, which reversed its alleged constructive suspension action. For the reasons discussed below, we GRANT the agency's petition for review, VACATE the initial decision, and DISMISS the appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant is a GS-13 Deportation Officer (Course Developer/Instructor) for Immigration and Customs Enforcement at the Federal Law Enforcement Training Center in Glynco, Georgia. On April 17, 2017, he informed his supervisor that he would be out of work because of a medical condition. Initial Appeal File (IAF), Tab 4 at 14. He remained out of work and filed a claim with the Office of Workers' Compensation Programs (OWCP). On June 22, 2017, he emailed his supervisor, asking "What are my options for returning to work now?" *Id.* at 17. His supervisor responded: "Have you been medically cleared to return to work? If so, please provide medical doctors note. Upon receipt of medical clearance to return to work note, we'll discuss your options." *Id.* at 17-18. The appellant responded that he had not been cleared to work but did not want to exhaust his leave. IAF, Tab 17 at 34. His supervisor responded, "Your return to work is a moot point, [sic] until medical documentation is provided, [sic] clearing you to return to work." *Id.* at 36. The appellant did not provide medical documentation to his supervisors and apparently did not contact his supervisors again until August 1, 2018.

Meanwhile, however, on November 21, 2017, in connection with his OWCP claim,[2] the appellant submitted a medical report and several pages of medical documentation from a physician that recounted his medical history, the nature and diagnosis of his medical condition, its symptoms, and recommended treatment. IAF, Tab 6 at 80-87. The physician preparing the report, Dr. S, concluded that the appellant was "to remain out of work until further evaluation." *Id.* at 80.

On August 1, 2018, the appellant submitted to his supervisor a medical note from Dr. R, stating that the appellant was able to return to work with the accommodation of an ergonomic chair and a standing/sitting workstation.

---

[2] The record does not reflect the status of the appellant's OWCP claim. In any event, it is not relevant to this appeal.

*Id.* at 77. The agency responded with an August 3, 2018 letter in which it noted that the August 1 note was not signed and did not contain adequate information to allow the agency to conclude that the appellant was capable of performing the essential functions of his position. *Id.* at 71. The agency requested additional information from the appellant's physician in lieu of a formal fitness for duty examination, and it prepared a list of questions for his physician to answer along with a copy of the appellant's position description. *Id.* at 71-72. The appellant responded by submitting a photocopy of the list of questions with unsigned, handwritten, cursory answers. *Id.* at 69.

The agency sent the appellant an August 29, 2018 letter informing him that the handwritten answers that he provided were substantively inadequate, it was unclear who wrote them, and they were unsigned. *Id.* at 63-64. It requested that the appellant provide additional medical documentation and suggested that documentation concerning his treatment following the November 21, 2017 note from Dr. S would be useful. *Id.* The agency informed the appellant that his failure to submit proper medical documentation would result either in a fitness for duty examination or a determination of his fitness for duty based on the available information. *Id.* at 64.

The appellant did not submit medical documentation. Instead, he alleged that other agency employees with medical conditions were not required to undergo fitness for duty examinations, he expressed his mistrust of the agency's physician, Dr. M, he referred to a prior quasi-disciplinary incident in which he believed he was treated unfairly, and he asserted that instructors are not called upon to perform the same duties as the law enforcement officers they instruct and should not be held to the same physical standards. *Id.* at 59-60. On October 25, 2018, the agency issued a notice scheduling the appellant for a fitness for duty examination with an outside physician pursuant to 5 C.F.R. part 339. *Id.* at 56-57. It instructed him to complete a medical release to facilitate review of the medical records pertinent to his condition. *Id.*

When the appellant did not respond, the agency sent him another notice, dated November 6, 2018, instructing him to participate in the fitness for duty process and to complete a medial release. *Id.* at 30. The notice informed the appellant that his failure to cooperate would result in the agency taking action based on the information currently available to it, which showed that the appellant was not fit for duty, and which could result in disciplinary action for failure to follow instructions, up to and including removal. *Id.*

The appellant responded by alleging that the agency's actions constituted harassment, retaliation against a whistleblower, and an imposition against his privacy rights. *Id.* at 27. He stated that physicians employed by the Federal Government can be sued for malpractice. *Id.* He averred that he was being required to undergo a fitness for duty examination without due process. *Id.* He accused his supervisors of perjury and fraud, and claimed they were refusing to provide him with reasonable accommodation. *Id.* at 27-28. He concluded by naming a number of Federal agencies against which he had instigated litigation, and declared that he would not complete a medical release. *Id.* at 28.

On December 6, 2018, the agency granted the appellant's request for accommodation by giving him an ergonomic chair and a standing/sitting workstation, apparently on the basis that he was determined to be a qualified disabled individual after a January 2017 request for reasonable accommodation, although it is not clear whether that request was predicated on the same medical condition as the one at issue in this appeal. IAF, Tab 17 at 40, 48, 50.

On December 10, 2018, the agency informed the appellant that it had scheduled a fitness for duty examination, it informed him of the date, time, and location, and it informed him that his failure to cooperate could result in disciplinary action up to and including removal. IAF, Tab 6 at 23. The examination took place, and the appellant was returned to duty in a light duty status effective January 30, 2019. *Id.* at 20.

On February 7, 2019, the appellant filed an appeal in which he contended that his absence from June 22, 2017, through January 31, 2019, constituted an appealable constructive suspension. IAF, Tab 1. He further contended that the agency's action constituted disability discrimination based on a failure to afford him reasonable accommodation and retaliation for his prior equal employment opportunity (EEO) activity. IAF, Tab 15 at 2, 5. The appellant waived his right to a hearing and requested a decision on the written record. IAF, Tab 13 at 3.

After affording the parties the opportunity to submit evidence and argument in support of their respective positions, the administrative judge found that the appellant proved by preponderant evidence that the agency constructively suspended him. IAF, Tab 19, Initial Decision (ID) at 3-7. She further found that the agency committed disability discrimination when it failed to offer him a reasonable accommodation and retaliated against him for his prior EEO activity. ID at 7-13. The administrative judge did not order interim relief.

The agency has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The appellant has responded in opposition to the petition for review. PFR File, Tab 3.

## ANALYSIS

The Board lacks jurisdiction over appeals of employees' voluntary actions. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 7 (2013). However, the Board has always recognized that employee-initiated actions that appear voluntary on their face are not always so. *Id.* The Board may have jurisdiction over such actions under 5 U.S.C. chapter 75 as "constructive" adverse actions. *Id.* Involuntary leaves of absence may be appealable to the Board as constructive suspensions when: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice. *Rosario-Fabregas v. Merit Systems Protection Board*, 833 F.3d 1342, 1346-47 (Fed. Cir. 2016); *Bean*, 120 M.S.P.R. 397, ¶ 8. Assuming that the

jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, proof of these two things is sufficient to establish Board jurisdiction. *Bean*, 120 M.S.P.R. 397, ¶ 8. The burden of proving Board jurisdiction is on the appellant. *Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 11 (2016).

Here, the appellant alleges that his absence became involuntary when the agency denied his request to return to work on June 22, 2017. The administrative judge found that the appellant's request to return to work triggered an obligation on the part of the agency to begin the process of searching for a reasonable accommodation, and that its failure to do so was wrongful and deprived the appellant of a meaningful choice as to whether to continue his absence. ID at 4-5.

We disagree. Although the appellant framed his request to return to work on June 22, 2017, in terms of "options," there were in fact no options because, as he himself stated, he had not been cleared to return to work. IAF, Tab 6 at 17, Tab 17 at 34. The appellant never suggested that he might be able to work a modified version of his job, or perform some duties but not others, or made any other remarks about duties he could perform that would have triggered the agency's obligation to begin the reasonable accommodation process. An employee need not invoke magic language to make an effective request for reasonable accommodation; he has only a general responsibility to inform his employer that he needs accommodation for a medical condition, such as a change or adjustment at work for a reason related to a medical condition. *See generally Gonzalez-Acosta v. Department of Veterans Affairs*, 113 M.S.P.R. 277, ¶ 15 (2010). The appellant's request to return to work, coupled with the statement that he had not been medically cleared to return to work and his failure to provide any medical documentation at his supervisor's prompting, did not trigger an obligation on the part of the agency to begin the reasonable accommodation process. Therefore, the agency's denial of his request to return to work on June 22, 2017, was not a wrongful action that deprived the appellant of a meaningful choice about returning to work.

Moreover, the administrative judge mischaracterized the agency's response to the appellant's request. The agency informed him that, once he submitted medical documentation, they could discuss his options for returning to duty. The administrative judge interpreted this to mean that the appellant would not be allowed to return to duty until he could perform the full range of his duties. ID at 4-5. It seems obvious that the agency's decision on returning the appellant to duty would depend entirely on the appellant's medical documentation and the recommendations of his doctor. Moreover, the appellant had previously obtained a reasonable accommodation and so was familiar with the process and able to articulate what duties he could and could not do and what accommodations he might need. Furthermore, the agency knew that the appellant had previously been accommodated and knew how to ask for accommodation and likely found it significant that he did not do so in this case, stating instead that he was not cleared to return to work.

The administrative judge distinguished this appeal from the case of *Rosario-Fabregas v. Merit Systems Protection Board*, 833 F.3d 1342 (Fed. Cir. 2016). ID at 6-7. The court in *Rosario-Fabregas* found that the agency did not act improperly and that the appellant failed to prove that he was constructively suspended. The administrative judge noted in particular that the agency in *Rosario-Fabregas* attempted to reasonably accommodate the appellant whereas the agency in this case did not. In *Rosario-Fabregas*, the appellant submitted medical documentation and requested to return to work on a reduced schedule. *Rosario-Fabregas*, 833 F.3d at 1344. The agency responded by asking for additional information, to which the appellant did not respond adequately, leading the court to conclude that the agency did not act wrongfully. *Id.* at 1344-45, 1347. In contrast, the appellant here submitted *no* medical documentation, even after his supervisor requested it, and he contended without qualification (and continued to contend for more than a year thereafter) that he was unable to work. We find that *Rosario-Fabregas* is directly applicable in this appeal.

Similarly, the November 21, 2017 medical documentation[3] that the appellant submitted did not contain a request to return to work and stated that the appellant remained unable to work.[4] IAF, Tab 6 at 80-87. The agency's failure to return the appellant to work at this point was not a wrongful action that deprived the appellant of a meaningful choice about returning to work.

The appellant's request to return to work on August 1, 2018, on the other hand, did contain a request for reasonable accommodation and a statement from a physician that the appellant was able to return to work. *Id.* at 77. The agency granted the appellant's request for reasonable accommodation on December 8, 2018, and returned him to work on January 30, 2019. We find, however, that the agency's behavior after August 1, 2018 was reasonable, and that the delay in returning the appellant to work was due to the appellant's refusal to cooperate with the fitness for duty process. The appellant occupied a secondary law enforcement position containing physical requirements. *Id.* at 130-31. As such, the agency was permitted under 5 C.F.R. § 339.301(b)(1), (b)(3) to require the appellant to undergo a fitness for duty examination. The appellant resisted the agency's efforts to obtain medical documentation, objected to the agency's physician, and was generally hostile to the process. An agency may properly refuse to allow an employee to resume working if the employee does not satisfy

---

[3] The appellant contends that this documentation was generated to support his OWCP claim, and that he informed his doctor that he was unable to work because the agency would not allow him to return to work "under any conditions or accommodations." IAF, Tab 17 at 53. That statement is not an accurate representation of what the agency told the appellant; it merely asked him to provide medical documentation, which he refused to provide. IAF, Tab 4 at 17-18, Tab 17 at 36. The suggestion that the Board should not take at face value the same medical documentation that the appellant submitted to support a claim pending in another Federal agency is disturbing.

[4] The administrative judge, citing *Yarnell v. Department of Transportation*, 109 M.S.P.R. 416, ¶ 10 (2008), found that whether the appellant was able to perform his duties was irrelevant. ID at 4. *Yarnell* was a suspension case in which the appellant's placement in a non-duty status was clearly involuntary, not a constructive suspension case, in which an appellant's medical ability to return to work following an absence for medical reasons is frequently one of the material issues in dispute.

the agency's conditions for returning to work. *Rosario-Fabregas*, 833 F.3d at 1347. We find that the appellant's failure to cooperate with the agency's efforts to get him cleared to return to duty delayed his return by several months. Further, we take official notice of the fact that most of the delay between the date the fitness for duty examination finally took place and the date the appellant returned to duty is accounted for by the partial Government shutdown of December 2018 to January 2019.

On the record before us, we find that the appellant's absence from duty after June 22, 2017, was not caused by or prolonged because of any improper actions on the part of the agency. *See id.* (holding that the agency's refusal to allow the employee to return to work when the employee failed to provide appropriate medical documentation, including a medical release, did not constitute a constructive suspension). Therefore, the appellant has failed to meet his burden of proving by preponderant evidence that his absence from work was an involuntary constructive suspension, and the Board lacks jurisdiction over this appeal. Because we lack jurisdiction over the appeal, we also lack jurisdiction over his claims of disability discrimination and retaliation for EEO activity. The administrative judge's findings on those issues are vacated.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.